IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:23-cr-20191-SHL |
| ) | |
| EMMITT MARTIN, III, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DAILY MEMPHIAN TO INTERVENE AND FOR THE UNSEALING OF COURT RECORDS**

Because multiple filings have been made under seal in this litigation since June 11, 2025 and because nothing on the court docket reflects that the procedural or substantive requirements to justify any filings under seal have been satisfied, Movant, *Daily Memphian*, through undersigned counsel, has filed a motion to intervene in this lawsuit solely for the purpose of protecting the public's common law and First Amendment right of access to criminal proceedings (including judicial records filed in such proceedings) by seeking an order unsealing records filed in this matter. In support of that motion, *Daily Memphian* submits this memorandum and states as follows:

## BACKGROUND

The *Daily Memphian* is a non-profit news organization in Memphis.[1] *Daily Memphian* is funded by the public for the public interest. It publishes an online newspaper daily at

---

[1] The *Daily Memphian* news organization is owned and operated by Memphis Fourth Estate, Inc., a Tennessee nonprofit organization exempt from federal income tax under Section 501(c)(3) of the Internal Revenue Code.

www.dailymemphian.com. These criminal proceedings have been, and continue to be as certain defendants await sentencing, the subject of significant public concern and scrutiny. On January 7, 2023, Tyré Nichols was killed during an arrest. This federal criminal case was later brought against five former Memphis police officers who were involved in the deadly arrest. After a trial lasting almost four weeks, all three of the Defendants who went to trial were found guilty of one or more criminal offenses on October 3, 2024. Defendant Haley was convicted of all four criminal charges he faced including using excessive force on Mr. Nichols and obstruction of justice involving witness tampering. Defendant Bean and Defendant Smith were also convicted of obstruction of justice involving tampering with witnesses. Defendant Mills and Defendant Martin entered guilty pleas before trial. All five of these former Memphis police officers await sentencing.

Movant has published many news stories on multiple aspects of these proceedings, since the defendants were indicted back in September 2023. On June 13, 2025, the district judge that had been presiding over this matter, Judge Norris, entered a one-page order of recusal. Starting shortly before that event, and continuing after that event, the parties have begun filing many documents with the Court under seal. A review of the docket, however, reflects that there has never been any required public order by the Court justifying these filings being under seal and, therefore, inaccessible to the public.

Movant would request that it be permitted to intervene for the limited purpose of pursuing access to records filed in these proceedings and that the Court immediately enter an order unsealing all of the court filings in this case that have been placed under seal since June 11, 2025. At minimum, the Court should enter an order unsealing each of the following docket entries in this matter: Nos. 840, 844-849, 852, 861, 863, 869, 872, 875, 879, 880, 883, 884, 885,

2

888, 889, 891, 892, 895, and 896-900. Importantly, within those filings, it appears that a motion for protective order on June 13, 2025, and an order by Judge Norris prior to recusal granting the protective order on June 13, 2025, have been made inaccessible or placed under seal and those items should be restored to be publicly accessible. That should happen whether or not that protective order purports to be the basis for subsequent sealing of records or not, but, given the procedural requirements under existing Sixth Circuit precedent, if some aspect of that order included any attempt at justifying sealing any of the records in this matter, then its placement under seal is an egregious violation of the First Amendment and common law right of access to judicial records.

## ARGUMENT

### I. THE PUBLIC HAS A FIRST AMENDMENT AND COMMON LAW RIGHT TO ACCESS TO JUDICIAL RECORDS.

The public, including members of the media such as *Daily Memphian,* has a right of access, whether under the First Amendment, the common law, or both, to almost all proceedings and records in a criminal case. See, e.g., Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 15 (1986)(involving right of access with respect to preliminary hearings)("Press-Enterprise II"); Waller v. Georgia, 467 U.S. 39, 48 (1984) (involving right of access with respect to suppression hearings); Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 825 (1984)(involving right of access with respect to pre-trial proceedings such as voir dire) ("Press-Enterprise I"); Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 604-605 (1982) (confirming right of access with respect to trial); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 569 (1980) (discussing the presumptively open nature of criminal trials historically and that such openness was an "indispensable attribute" of a criminal trial); Nixon v. Warner Communications, Inc., 435 U.S.

589, 597 (1978) (discussing "a general right to inspect and copy public records and documents, including judicial records and documents").

The right of access to judicial records established by the United States Supreme Court fosters public scrutiny of the courts, an activity that "enhances the quality and safeguards the integrity of the factfinding process," "fosters an appearance of fairness, thereby heightening public respect for the judicial process," and allows "the public to participate in and serve as a check upon the judicial process – an essential component in our structure of self-government." Globe Newspaper Co. v. Superior Court, 457 U.S. at 606. "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." Richmond Newspapers, 448 U.S. at 572.

"[A] document counts as a judicial record, for purposes of the presumption of access, when it is 'filed with the objective of obtaining judicial action or relief' or otherwise plays 'a role in the adjudicative process.'" Grae v. Corr. Corp. of Am., 134 F.4th 927, 933 (6th Cir. 2025) (quoting United States ex rel. Oberg v. Nelnet, Inc., 105 F.4th 161, 171 (4th Cir. 2024)). The documents identified above for which *Daily Memphian* demands unsealing whether they are items filed for the purpose of being evaluated by the Court with respect to sentencing decisions or are items filed for the purpose of seeking to have Judge Norris recuse himself are all judicial records for purposes of the presumption of the First Amendment right of access in the Sixth Circuit because nothing about any of the publicly available information on the docket indicates that they are not filings intended to play a role in the adjudicative process. See, e.g., Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 306-09 (6th Cir. 2016) (reversing a sealing order as to a motion to strike an expert report and the report itself). With respect to the presumptive right of access under common law, it extends to judicial documents and records

4

even when those materials are not central to the litigation itself. See, e.g., Company Doe v. Public Citizen, 749 F.3d 246, 265-66 (4th Cir. 2014) ("The common-law presumptive right of access extends to *all* judicial documents and records.")(emphasis added).

"'The greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'" Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co., 834 F.3d 589, 594 (6th Cir. 2016) (quoting Shane Grp., 825 F.3d at 305). The need for public scrutiny and full access to judicial records is especially important in a case such as this one, where multiple former police officers have either pled guilty or been convicted of criminal acts resulting in, or related to, the death of a twenty-nine-year-old man.

In order to overcome the right of access provided by the First Amendment, a party seeking to seal judicial records must prove that sealing those records is "essential to preserve higher values" and "narrowly tailored to serve that interest." Press-Enterprise I, 464 U.S. at 510. The First Amendment right of access to court records also means that "proceedings cannot be closed unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Press-Enterprise II, 478 U.S. at 13-14 (quoting Press-Enterprise I, 464 U.S. at 510). .

## II.   THE DOCUMENTS FILED UNDER SEAL IN THIS MATTER MUST BE UNSEALED BECAUSE THE PUBLIC HAD NO OPPORTUNITY TO OBJECT AND NO PUBLIC COURT ORDER JUSTIFYING THE SEALING OF THESE RECORDS EXIST.

Only a few months ago, the Sixth Circuit reiterated the core tenets of the public nature of federal court proceedings and long prevailing requirements with which a Court must comply if attempting to justify the sealing of court records:

> The federal courts do their business in public – which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision. Thus, under rules long settled in

5

this circuit, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016)(quoting In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 476 (6th Cir. 1983). And when a court does seal off judicial records from public view, it must explain "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" Id. at 306.

Grae, 134 F.4th at 930; see Rudd Equip., 834 F.3d at 593 (quoting Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1179 (6th Cir. 1983))(discussing the "strong presumption in favor of openness" as to records of court proceedings); see also In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986) (holding that "the First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as the hearings themselves").

A review of the publicly available docket information in this matter demonstrates that, as was the case in Grae, "[n]one of these rules were honored here." Grae, 134 F.4th at 930. The Sixth Circuit has made clear that the lack of any findings from the Court to justify any document being sealed "is itself grounds to vacate" such sealings. Id. at 932; see also Rudd Equip., 834 F.3d at 594; cf. Globe Newspapers Co., 457 U.S. at 609 n.25 (explaining that before a court proceeding can be closed to the public "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion"). Thus, even if a party could have shown that there existed a sufficiently compelling reason for any of these filings to be sealed, because the public was never provided an opportunity to be heard on the issue and because there is no available court order providing findings justifying any of these sealings, all of these documents must be unsealed.

6

### III. FUTURE FILINGS IN THIS MATTER MUST NOT BE SEALED IN THE ABSENCE OF A PUBLIC COURT ORDER JUSTIFYING THE COMPELLING INTEREST SUPPORTING SEALING AND THAT THE SEALING IS NO BROADER THAN NECESSARY.

"[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" Grae, 134 F.4th at 932 (quoting Shane Group, 825 F.3d at 306). Many of the filings that have been made under seal beginning in June 2025 and continuing to the present have not been attempted to be justified on the public record by even the filing party beyond referencing that Local Rule 8.1 establishes a policy allowing any party to file a document under seal and then leaving it to the Court to subsequently decide how long the filing stays sealed. "[T]he whole point of the 'strong presumption of openness regarding court records' is that – in *every* case where a judicial record is sealed from public view – the interests favoring non-disclosure must be compelling." Grae, 134 F.4th at 932 (quoting Rudd Equip., 834 F.3d at 593). It appears that throughout the life of this case, the parties have proceeded in this fashion of nearly exclusively relying on the Local Rule's permissive approach and, from time to time at least until the trial, the Court would enter orders addressing whether documents filed under seal would stay under seal. Some of those orders at least contained references to relevant case law and explained the belief that the compelling interest in keeping items under seal was to protect the potential jury pool. Not all of those orders, however, offered a full analysis of the sealing issues. And none of those orders appear to have been entered in advance of something being filed under seal or after an opportunity was given for the public to be heard about the proposed sealing.

A Local Rule of this Court cannot supersede the requirements of the First Amendment or long-standing common law with respect to what is necessary to justify the denial of public access to court records. Further, to the extent that this Local Rule operates to place the burden on the

7

Court to take action to unseal filings sealed by the parties, it cannot stand scrutiny. It is true that "the court has an independent 'obligation to consider the rights of the public,'" but the Local Rule's approach of leaving it up to the court to attempt to do that only after a record has already been sealed is an unconstitutional, and unworkable, approach. Rudd Equip., 834 F.3d at 59 (quoting Knoxville News-Sentinel, 723 F.2d at 475).

"[T]he burden of 'demonstrating – on a document-by-document, line-by-line basis – that specific information in the court record meets the demanding requirements for a seal' is first borne by the party that seeks it, not by the district court." Grae, 134 F.4th at 932 (quoting Shane Group, 825 F.3d at 308). The approach apparently permitted by this Court's Local Rules improperly places the burden on the court rather than upon the parties. While there is at least one recent order entered by the Court that has ameliorated an act of unilateral sealing by a party to this case, Doc. No. 868, given the workload that the Court faces daily its resources should not be expended on after-the-fact explanations that the parties should, at the very least, be attempting to redact portions of filings rather than engage in wholesale filings under seal.

Moreover, the denial of access to judicial records even for short periods of time is in defiance of the constitutional and common law right of access. See, e.g., Company Doe, 749 F.3d at 272 ("[W]e take this opportunity to underscore the caution of our precedent and emphasize that the public and press generally have a contemporaneous right of access to court documents and proceedings when the right applies"); Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 126 (2d Cir. 2006) ("Our public access cases and those in other circuits emphasize the importance of immediate access where a right of access is found."); Grove Fresh Distribs. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994) ("Each passing day may constitute a separate and cognizable infringement of the First Amendment…. To delay or postpone disclosure

undermines the benefit of public scrutiny and may have the same result as complete suppression."); Assoc. Press v. U.S. Distr. Ct. for C.D. Cal., 705 F.2d 1143, 1147 (9th Cir. 1983) (taking issue with a court order allowing for temporary sealing of records because even if "some of these pretrial documents might only be under seal for, at a minimum, 48 hours" the order's impact was still "a total restraint on the public's first amendment right of access even though the restraint is limited in time").

The fact that the parties to this criminal proceeding have seemed to be entirely unaware that they have any burden at all to try to justify filing documents and records under seal and the fact that the Court's Local Rule has served to permit nonchalance as to the issue necessitates that all future filings in this matter not be placed under seal at all unless and until there has been a proper public hearing and the entry of a court order with findings explaining "'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" Grae, 134 F.4th at 930 (quoting Shane Group, 825 F.3d at 306).

Respectfully Submitted,

**FAUGHNAN LAW, PLLC**

By: /s/ Brian S. Faughnan
Brian S. Faughnan  (#19379)
5865 Ridgeway Center Pkwy., Suite 300
Memphis, Tennessee 38120
(901) 820-4556
brian@faughnanonethics.com

Jason P. Hood  (#16739)
**DAVIES HOOD, PLLC**
40 South Main Street, Suite 1510
Memphis, Tennessee 38103-5502
(901) 431-6600
jason.hood@davieshood.com
Attorneys for *Daily Memphian*

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. In addition, I have served a copy of this filing by email upon counsel for each of the Defendants as well as counsel for the United States. Parties may access this filing through the Court's electronic filing system.

/s/ Brian S. Faughnan
Brian S. Faughnan