# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:23-cr-20191-SHL |
| ) | |
| EMMITT MARTIN, III, et al., ) | |
| ) | |
| Defendants. ) | |

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DAILY MEMPHIAN TO INTERVENE AND FOR THE UNSEALING OF COURT RECORDS

To address the improper sealing of a litany of documents in the above-captioned federal criminal case and simultaneously to protect the public's common law and First Amendment right of access to criminal proceedings, the *Daily Memphian* filed a motion to intervene in the above-captioned case and for the unsealing of court records on July 22, 2025. In further support of that motion, and to make sure the record is clear about the ongoing and continued infringement on the rights of the public that is occurring in this case and the additional detrimental developments that have occurred as a result of the Court's unilateral decision to force the *Daily Memphian* into a separately docketed civil case, the *Daily Memphian* submits the supplemental memorandum.

The *Daily Memphian's* motion has now been pending for more than twenty (20) days without any ruling either (1) unsealing the improperly sealed records in this case or (2) attempting to justify the continued sealing of records despite the clear requirements of Sixth Circuit precedent such as Grae v. Corr. Corp. of Am., 134 F.4th 927, 930 (6th Cir. 2025). The motion is not opposed by any party in the criminal proceedings where the records have been

sealed. In the meantime, additional filings have been made in those criminal proceedings under seal even after the Court was undoubtedly on notice as of July 22-23, 2025 that the public was no longer going to abide sealing court records and filings without the necessary justifications and procedural prerequisites necessary to satisfy the First Amendment. While a delay of twenty days to obtain a ruling on a motion might not seem on its own to be a cause for concern, when it involves the sealing of records that should never have been permitted to be placed under seal without there *first* being an opportunity for the public to be heard and where there has *never* been any public court order attempting to justify shielding these materials from the public's view is simply not acceptable. The *Daily Memphian* submits this supplemental memorandum to make clear that the Court's continued delay in unsealing records that were never appropriately sealed in the first instance is unjustifiable and to make clear that the *Daily Memphian's* demand for unsealing must also apply to other subsequent sealed filings, including Document Nos. 904, 906, 907, 909, 910, 915, 916, and 917.

Additionally, the Court's refusal to allow intervention into the criminal case itself and to instead require the opening of a new civil case involving the *Daily Memphian* (Case No. 2:25-mc-00031-SHL-atc), and the Court's decision to reverse course as to the intervention by the City of Memphis and force it to also have a new civil case opened (Case No. 2:25-mc-00030-SHL-atc) necessitates the submission of this supplemental memorandum. The Court's actions have not worked from a technological standpoint as the Court indicated in open court on July 24, 2025 would be the case. In fact, the refusal to permit intervention into the criminal proceedings has only served to multiply the transgression of the public's right to access to judicial proceedings that is taking place in the Western District of Tennessee. Because of the Court's refusal to allow intervention, the City of Memphis has been making new filings under seal in another docketed

case without any order from the Court doing what is required in the Sixth Circuit to justify such sealed filings.

Prior to the Court's unilateral decision to open Case No. 2:25-mc-00031-SHL-atc, the *Daily Memphian* explained why such an approach is counter to long-existing federal precedent. (A copy of counsel's letter dated July 23, 2025 is attached as Exhibit A.) Despite what the Court indicated was its understanding of what would happen from a technological standpoint by "relating" these miscellaneous civil cases to the criminal proceeding, counsel for the *Daily Memphian* was not automatically receiving ECF notifications of new filings in the criminal case, nor are we receiving ECF notifications of new filings in the City of Memphis miscellaneous case. In order to be able to receive ECF notifications in the criminal case, undersigned counsel had to either be added by the Clerk or go into their own Pacer account and register for notification access to the case.

Because of these issues, every day that the Court continues to refuse to unseal the improperly sealed records in the criminal case serves to exacerbate the denial of the public's right to monitor judicial proceedings. Further, every day that the Court does not actually grant the *Daily Memphian's* motion to intervene into the criminal case itself and instead continues to insist that the *Daily Memphian* is required to litigate this matter in a separate miscellaneous civil lawsuit invites the pursuit of a mandamus petition to the Sixth Circuit. Application of Storer Communications, Inc., 828 F.2d 330, 335 (6th Cir. 1987) (explaining that as to criminal proceedings "media organizations may move to intervene for the purpose of contesting closure hearings and the sealing of documents"); see also Applications of National Broadcasting Co., 282 F.2d 340, 345 (6th Cir. 1987) (discussing, in a criminal case in which a media entity was permitted to intervene in the criminal case itself, that it could not find one case from 1924 to

3

1984 where proceedings involving the disqualification of judges were closed or the record sealed). It should have been crystal clear to the Court in July 2025 that forcing the creation of new miscellaneous civil proceedings rather than permitting intervention was the wrong decision and not, in fact, what is required by the Sixth Circuit or how the court system should operate. Now that the City of Memphis is filing additional sealed proceedings in Case No. 2:25-mc-00030-SHL-atc as part of seeking to have unsealed some of the same records that the *Daily Memphian* seeks to have unsealed the wrongness of that decision is made even more apparent: How does the *Daily Memphian* seek to vindicate the public's right of access as to Case No. 2:25-mc-00030-SHL-atc? Must it incur further time and expense to seek to intervene in yet another case – a case that never should have been opened in the first place? Why are such burdens being placed at the feet of the public to hold the judicial system accountable for complying with clear judicial precedent on what is required *prior* to the sealing of records?

      For all of the above reasons, as well as those laid out in its original memorandum, the *Daily Memphian* reasserts its demand for the unsealing of the records in this criminal proceeding as detailed by docket number in the original memorandum as well as Document Nos. 904, 906, 907, 909, 910, 915, 916, and 917, demands that any sealed filings present in Case No. 2:25-mc-00030-SHL-atc (including so far Document Nos. 3 and 8 in that case) be immediately unsealed, and demands that the Court reverse course on its refusal to grant intervention into the criminal proceedings in this matter and immediately grant the *Daily Memphian's* motion to intervene in 2:23-cr-20191-SHL.

4

Respectfully Submitted,

**FAUGHNAN LAW, PLLC**

By: /s/ Brian S. Faughnan
Brian S. Faughnan (#19379)
5865 Ridgeway Center Pkwy., Suite 300
Memphis, Tennessee 38120
(901) 820-4556
brian@faughnanonethics.com

Jason P. Hood (#16739)
**DAVIES HOOD, PLLC**
40 South Main Street, Suite 1510
Memphis, Tennessee 38103-5502
(901) 431-6600
jason.hood@davieshood.com
Attorneys for *Daily Memphian*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. In addition, I have served a copy of this filing by email upon counsel for each of the Defendants as well as counsel for the United States. Parties may access this filing through the Court's electronic filing system.

/s/ Brian S. Faughnan
Brian S. Faughnan